UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-1231 AC<br><br><br><br>ORDER |

This matter is before the court on the Acting Commissioner of Social Security's ("Commissioner") motion to dismiss for lack of subject matter jurisdiction. ECF No. 11. Upon review of the motion, plaintiff's opposition (ECF No. 12) and all related documents, the court DENIES the Commissioner's motion and re-sets the deadlines in this case as explained below.

**I. Background**

On October 7, 2014, an Administrative Law Judge issued a decision denying the plaintiff's claim for benefits under Title XVI of the Social Security Act. ECF No. 11-2 at 3. Plaintiff requested review of this decision by the Appeals Counsel. Id. In a letter dated March 25, 2016, the Appeals Council notified plaintiff and plaintiff's hearing counsel of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt. Id. A postage notation on the letter indicates the letter was mailed on

1

March 31, 2016.  ECF No. 14-1 at 1.  Plaintiff's hearing counsel testified that the letter was received on April 4, 2016.  ECF No. 14 at 2.

## II. The Motion

The Commissioner moves to dismiss on procedural grounds, arguing that plaintiff did not file this action within the 60 days allotted by law.  ECF No. 11 at 6.

## III. Analysis

Plaintiff's action is timely.  "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days *after the mailing* to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C.A. § 405(g).  The governing statute is clear: there is no reference to the date of the decision; the time to file an action is measured from the date of mailing.  Id.  Plaintiff's Exhibit 1 shows the mailing date was March 31, 2016.  ECF No. 14-1 at 1.  The Commissioner can allow additional time, and in her motion, the Commissioner contemplates 5 days for mailing.  ECF No. 11 at 6.  Sixty-five days from March 31, 2016 is June 4, 2016.  Plaintiff filed this case on June 3, 2016.  ECF No. 1.  Plaintiff's filing of this action was timely, and the Commissioner's motion to dismiss must be DENIED.

## IV. Revised Scheduling

On June 6, 2016, this court issued a scheduling order giving the Commissioner 90 days to file the administrative record and an answer or other response.  ECF No. 5 at 2.  Remaining deadlines in the order were triggered by the filing of these documents.  Id.  The 90 days passed while the Commissioner's motion to dismiss was pending.  Accordingly, the court hereby re-sets the deadline for the Commissioner to file the administrative record and answer or other response in this case as December 1, 2017.  All remaining deadlines will be based on this date, as explained in court's original scheduling order at ECF No. 5.

## V. Conclusion

The court hereby orders as follows:

1. The Commissioner's motion to dismiss is DENIED; and

2. The Commissioner must file the administrative record and an answer or other response on or before December 1, 2017.

IT IS SO ORDERED.

DATED: October 12, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE