UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-01231 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); <u>Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler</u>, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on November 28, 2012. Administrative Record ("AR") 155-63.[2] In his application plaintiff alleged the disability onset date was January 1, 2011. AR 175, 179. The application was disapproved initially and on reconsideration, and plaintiff requested a hearing before an administrative law judge ("ALJ"). AR 87-92, 94-100, 101-03. On July 18, 2014 ALJ L. Kalei Fong presided over hearings on plaintiff's challenge to the disapprovals. AR 26-57 (transcript). Plaintiff was present in person and testified at the hearing. AR 26. He was represented by attorney Donald Bartholomew. Id. Alan Cummings, a vocational expert, also testified. Id.

On October 7, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 9-18 (decision), 19-21 (exhibits). On March 25, 2016, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision).

Plaintiff filed this action on June 3, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 6, 10. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed, though plaintiff elected not to file a reply. ECF Nos. 25 (plaintiff's summary judgment motion), 30 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1962, and accordingly was 49 years old when he filed his application. AR 16. Plaintiff subsequently changed age category to closely approaching advanced age. Id. Plaintiff has a limited education and can communicate in English. AR 16.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---

[2] The AR is electronically filed at ECF Nos. 20-3 to 20-8 (AR 1 to AR 292).

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can

engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since November 28, 2012, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: neck, back and hip strain, Hepatitis C, personality disorder and Attention Deficit Hyperactivity Disorder (ADHD) (20 CFR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except he is able to lift/carry 50 pounds occasionally and 25 pounds frequently, stand, sit and walk for six hours each in an eight-hour day with normal breaks and perform postural activities frequently. He is able to perform simple, repetitive, short one/two-step tasks that involve frequent interaction with supervisors an coworkers and rare contact with the public. He is restricted from climbing ladders and scaffolds; from having one-on-one contact; and from working at competitive or high stress jobs or at jobs that involve frequent change.
>
> 5. [Step 4] The claimant has no past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in 1962] and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since November 28, 2012, the date the

5

| | |
|---|---|
| 1 | application was filed (20 CFR 416.920(g)). |
| 2 | 11. The claimant's history of alcohol and polysubstance usage is not a contributing factor material to the determination of disability. |

AR 11-17.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 17.

## VI. ANALYSIS

Plaintiff alleges that the ALJ made two reversible errors: (1) the ALJ erred in rejecting plaintiff's testimony without specific, clear and convincing reasons; and (2) the ALJ's rejection of the diagnosis, opinions and assessments of a consultative examining psychologist, Dr. Sunde, was improper. ECF No. 25 at 17, 21. For the reasons explained below, the court concludes that Dr. Sunde should have been credited and, based on the testimony of the vocational expert in this case, the appropriate remedy is remand for an immediate award of benefits. Accordingly, the issue of plaintiff's testimony need not be addressed.

### A. The ALJ's Evaluation of Dr. Sunde was Deficient

#### 1. The Medical Opinion Evidence

The only medical opinion which the ALJ considered in any detail was that of Chester Sunde, Psy.D., who conducted a comprehensive psychiatric evaluation in February of 2013. AR 15 (decision); AR 235-38 (Sunde evaluation). Dr. Sunde provided a diagnosis of Attention Deficit Disorder and Cluster C personality traits, assigning a Global Assessment Functioning score of 50.[3] AR 327. Id. Dr. Sunde's Functional Assessment/Medical Source Statement assessed moderate to marked impairment in the following areas: (1) complying with job rules, safety and attendance, due to impaired concentration and bizarre behavior; (2) responding to

---

[3] The GAF is a numeric scale of 0 to 100 reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR"). The Ninth Circuit has described a GAF score as a "rough estimate" of an individual's psychological, social and occupational functioning, used to reflect the individual's need for treatment. Garrison v. Colvin, 759 F.3d 995, 1003 n.4 (9th Cir. 2014) (quoting Vargas v. Lambert, 159 F.3d 1161, 1164 (9th Cir. 1998)). A GAF score of 41-50 describes "serious symptoms" or "any serious impairment in social, occupational or social functioning." Id.

6

change in normal workplace settings, due to impaired concentration and bizarreness of presentation; and (3) maintaining persistence and pace in workplace settings, due to impaired concentration, bizarre behaviors, and cognitive impairment. AR 238. Dr. Sunde also assessed moderate impairment in understanding, remembering and completing complex commands and interacting appropriately with supervisors, coworkers and the public. Id. The ALJ gave minimal weight to Dr. Sunde because "marked limitations are not supported by the record or by the claimant's own evaluation." Id.

The ALJ also considered the opinions of two non-examining State Agency medical consultants, Barbara Martinez, Ph.D. and Hillary Weiss, Ph.D. See AR 58-70 (Martinez report); AR 72-84 (Weiss report). Both consultants found limitations less restrictive than those found by Dr. Sunde. Id. The ALJ found "persuasive" the opinions of Dr. Martinez and Weiss that plaintiff is capable of performing "simple, routine, repetitive work-like activities on a sustained basis." AR 16.

2. Principles Governing the ALJ's Consideration of Medical Opinion Evidence

Generally, there are three types of physicians that can offer opinions in social security cases: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), see also Pitzer v. Sullivan, 908 F.2d 502, 506, n.4 (9th Cir. 1990). The opinion of a treating physician is normally given more weight than the opinion of an examining physician, and the opinion of a non-examining physician is given the least amount of weight. Id.; Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).

For the ALJ to reject the opinion of a physician, she must put forth the required rationale. If the ALJ rejects the opinion of a treating or examining physician, and that opinion is not contradicted, the ALJ must point to "clear and convincing" reasons for the rejection. Lester, 81 F.3d at 830–31. If the opinion is contradicted by another doctor, the opinion of the treating or examining physician can be rejected only if the ALJ provides "specific and legitimate" reasons for doing so. Id.; Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

In some cases, the courts have upheld the ALJ's decision to discredit the opinion of a treating or examining physician based in part on the conflicting opinion of a non-examining medical advisor. E.g., Magallanes v. Bowen, 881 F.2d 747, 751–55 (9th Cir. 1989); Andrews, 53 F.3d at 1043; Roberts v. Shalala, 66 F.3d 179 (9th Cir. 1995). However, the mere existence of a conflicting opinion from a non-examining physician, without more, is not a valid ground for discrediting the treating or examining physician's testimony. Pitzer, 908 F.2d at 506 n. 4. In order to discount a treating or examining physician's opinion testimony, the ALJ must be able to point to other additional evidence. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.")

### 3. The ALJ Erred in Discounting Dr. Sunde

The ALJ gave two broadly-stated reasons for giving minimal weight to Dr. Sunde's opinion: (1) marked limitations are not supported by the record, and (2) such limitations are not supported by "the claimant's own evaluation." Both reasons are conclusory and thus fail to satisfy the requirement of "specific and legitimate reasons that are supported by substantial evidence in the record." See Andrews, 53 F.3d at 1043.

The ALJ did not specify the aspects of the record she considered inconsistent with Dr. Sunde's assessment of marked limitations. An ALJ may not reject a doctor's opinion in conclusory fashion, by merely stating that it is unsupported by the record. Embrey v. Bowen, F.2d 418, 421-22 (9th Cir. 1988). To satisfy the requirement for specific and legitimate reasons supported by substantial evidence, the ALJ must set out a detailed and thorough summary of the facts and conflicting clinical evidence, state her interpretation of that evidence, and making findings. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ failed to do so here.

The opinions of non-examining physicians such as Drs. Martinez and Weiss are insufficient, without more, to discredit an examining physician. Pitzer, 908 F.2d at 506 n. 4. Moreover, the Martinez and Weiss opinions are unpersuasive in their rejection of Dr. Sunde's conclusions. Dr. Martinez's opinion appears to be based entirely on her review of Dr. Sunde's

8

report, including the Mental Status Exam ("MSE") he conducted. AR 65. Dr. Martinez discounts Dr. Sunde's opinion because it "appears" that plaintiff was not forthcoming with Dr. Sunde about his substance abuse, as there was no mention of ongoing substance abuse in the report. Id. However, neither the consulting psychologists nor the ALJ explains how such an omission would affect the validity of Dr. Sunde's opinion regarding plaintiff's ability comply with job rules, safety, and attendance, or respond to change in normal workplace settings or maintain persistence and pace in normal workplace settings.

Dr. Weiss also reviewed Dr. Sunde's report, and noted a perceived inconsistency between his opinion and May 2013 medical record in which plaintiff's presentation was described as "grossly normal." AR 78-82. The Shasta Community Health record referenced by Dr. Weiss was related to treatment for a rib injury; it involved no substantial psychiatric evaluation. AR 256-57. Moreover, "normal" presentation on a single occasion does not undermine an examining physician's findings regarding psychiatric limitations; it is the nature of psychiatric illness to wax and wane. See Garrison, 759 F.3d at 1017. Neither the ALJ nor the Commissioner cite any record from Shasta Community Health containing psychiatric information that is objectively inconsistent with Dr. Sunde's report, or which documents any substantive evaluation of mental health related complaints.

If the ALJ meant to suggest that Dr. Sunde's opinion is "unsupported by the record" in that the opinion stands alone in finding marked limitations, this is not a legitimate reason to reject it. Similarly, the paucity of mental health records in this case, and the absence of ongoing treatment for mental health disorders, are not inherently inconsistent with the marked limitations assessed by Dr. Sunde. The Ninth Circuit has emphasized that the failure to seek mental health treatment is often a reflection of the poor judgment that accompanies mental illness or impairment, and therefore does not weigh against a finding of disability. See Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996); Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1299-1300 (9th Cir. 1999). Accordingly, the absence of treatment records cannot constitute substantial evidence for rejecting Dr. Sunde's conclusions.

As to the second basis for the ALJ's rejection of Dr. Sunde's opinion, it is unclear what

the ALJ meant by saying the doctor's conclusions are not supported by "the claimant's own evaluation." AR 15. If the ALJ meant that Dr. Sunde's report is internally inconsistent, no such inconsistency is identified by the ALJ and the undersigned finds none.[4] If the ALJ's reference to "claimant's own evaluation" was meant to refer to plaintiff's own testimony regarding his disability, there is likewise no inconsistency.

Plaintiff testified that he cannot remember what he reads and gets angry working around others, as he does not like being told how to do a job. AR 35-36. Plaintiff reported that he does not get along well with other people in work settings and it is "pretty much always a problem." AR 36. He testified that if he has "a job to do I pretty much know what I have to do and if someone tells me otherwise it just – it bugs me." Id. Plaintiff testified that his moods "mess" up his ability to try to work, that he is hot tempered and that he likes to be around others "but it just – it doesn't work. It never worked." AR 37. Even if he worked an easy job that did not require interaction with others, he would still miss work at least a couple of days a week and would need extra breaks. AR 39-40. Nothing in the record of plaintiff's own testimony fails to support Dr. Sunde's assessment.

Because the ALJ did not provide any specific or legitimate reasons for discrediting Dr. Sunde, the undersigned finds reversible error. The error is not harmless because it alters the finding on disability, as described further below.

B. Remand for an Immediate Award of Benefits

As discussed, the ALJ erred in rejecting Dr. Sunde's opinion and that error was not harmless. Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed

---

[4] Dr. Sunde found that plaintiff had a delayed recall impairment at 0/3, had a below average fund of knowledge, and was unable to calculate serial 7s. AR 236-37. Dr. Sunde also noted plaintiff's thoughts were preoccupied and circumstantial. AR 236. Dr. Sunde noted that plaintiff "presents appearing like he is homeless" and "does not appear to have bathed in sometime," presenting as "disheveled, unclean" with very dirty hands. Id. Plaintiff was dressed in mismatched clothes. Id. Dr. Sunde's observations and test results are facially consistent with the limitations he assessed and their stated bases.

10

fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2000).

More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000)).

Under the second step in the remand analysis, the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) (quoting Treichler, 775 F.3d at 1101). Under the third step in this analysis, the court should remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted).

In this case, if Dr. Sunde's opinion were credited as true, plaintiff would necessarily be found disabled under the applicable regulations. Specifically, Sunde opined that plaintiff is moderately to markedly impaired with respect to (1) his ability to comply with job rules, safety, and attendance; (2) his ability to respond to change in an normal workplace setting; and (3) his ability to maintain persistence and pace in a normal workplace setting. Id. These moderate to marked impairments were attributed to plaintiff's impaired concentration, bizarre behavior, and cognitive impairment. When the limitations as identified by Dr. Sunde were put to the VE at the hearing, the VE testified that there would be no jobs available. AR 50-52. Because the VE found that no jobs were available for plaintiff when Dr. Sunde's limitations are incorporated into the RFC, plaintiff is disabled under the Act.

Where the above steps are satisfied, this court must exercise its discretion in determining

whether to remand for further proceedings, or for the immediate calculation and award of benefits. Dominguez, 808 F.3d at 407 (if disability finding would necessarily follow if discredited evidence were credited as true, "the district court may exercise its discretion to remand the case for an award of benefits"). If, despite satisfying the above steps, the "record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," the court should remand for further proceedings. Burrell, 775 F.3d at 1141 (quoting Garrison, 759 F.3d at 1021). However, the court would be "abus[ing] its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the plaintiff] is not, in fact, disabled." Garrison, 759 F.3d at 1021.

Here, the record leaves no doubt that the plaintiff is disabled within the meaning of the Act. The VE was provided hypotheticals by plaintiff's attorney that included the limitations described by Dr. Sunde. AR 50-52. Based on these hypotheticals, the VE concluded that plaintiff was prevented from maintaining full-time employment. Id. Accordingly, the court finds that plaintiff is disabled within the meaning of the Act and no further fact finding is necessary.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 25), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 30), is DENIED;

3. The matter is REVERSED and REMANDED to the Commissioner for an immediate award of benefits; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

SO ORDERED.

DATED: December 12, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE